UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIAH WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>RON NEAL, et al.,<br><br>    Defendants. | CAUSE NO. 3:21-CV-497-RLM-MGG |

OPINION AND ORDER

Jeremiah Walker, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Walker alleges that during a shakedown of his dorm on April 21, 2021, the "e-squad" ordered him to strip down to his underwear. Lt. Wilson told Mr. Walker that the e-squad was conducting the shakedown because Warden Ron Neal and Major Warlow had ordered it. Mr. Walker says he complied with the order because the e-squad was armed and he feared for his safety. *Id*. Mr. Walker states he was handcuffed and escorted to a different cell which only had a mattress in it.

Two days later, an officer brought Mr. Walker two boxes. He says one box contained his personal property and the other box contained his trial transcripts and discovery materials. Mr. Walker was also given two pink inventory receipts signed by Counselor Amber Siuda and Counselor McCormick. Mr. Walker states he has a postconviction petition pending and had been diligently preparing documents, witness statements, and motions for an upcoming hearing, but those materials weren't in either of his boxes. Mr. Walker filed a grievance about his missing legal materials but was told he would need to file a tort claim. He wrote to Property Room Officer D. Hawkins three times asking for his documents related to his postconviction petition, but his requests were denied. Mr. Walker explained In his requests that, without his case number, he wouldn't be able to file documents or correspond with the court about his petition.

Mr. Walker has sued Warden Neal, Major Warlow, Property Room Officer Hawkins, Counselor Siuda, and Counselor McCormick alleging they had a role in taking his property. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government

2

employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Even the destruction of legal materials is merely a property loss if the papers are replaceable. Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir. 1987) (holding that, where no actual or probable detriment was alleged, destruction of legal papers did not constitute a deprivation of meaningful access to the courts and "the Due Process Clause of the Fourteenth Amendment does not furnish appellant with a basis for suit under § 1983 because a constitutionally adequate state tort claims act provides appellant with a suitable nonconstitutional remedy."). Mr. Walker hasn't identified any legal documents that were irreplaceable. He claims that he couldn't file documents or correspond with the court about his petition because he didn't know the cause number, but he could have contacted the court and asked for the cause number. Therefore, Mr. Walker's allegations do not state a claim on which relief can be granted.

A § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Mr. Walker hasn't alleged that the five defendants he has named in this lawsuit were personally involved in confiscating his legal materials. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's."). And because there is no general *respondeat superior* liability under

42 U.S.C. § 1983, Warden Neal also cannot be held liable simply because he oversees or supervises prison staff. *Id*. at 594.

While Mr. Walker's complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In any amended complaint, Mr. Walker should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Jeremiah Walker;

(2) GRANTS Jeremiah Walker until **November 22, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Jeremiah Walker that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on October 27, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT